IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> JAMES V. SUJANSKY, PIONEER, INC. D/B/A SUPER CITY SPORTS, SUPER CITY SPORTS, INC., AND THE SUPER CITY SPORTS SALES, INC. 401(K) PROFIT SHARING PLAN <br><br> Defendants. | Civil Action No. 3:10-cv-285 |

## CONSENT JUDGMENT

WHEREAS, Plaintiff, Secretary of Labor, United States Department of Labor ("Secretary"), filed a Complaint in this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.*, alleging certain violations by each of the above-captioned defendants;

WHEREAS, the Secretary's Complaint alleges that James V. Sujansky, Pioneer Inc. d/b/a Super City Sports ("Pioneer"), Super City Sports, Inc. ("SCS") (collectively, "SCS Defendants")[1] violated Sections 403, 404 and 406 of ERISA, 29 U.S.C. §§1103, 1104 and 1106;

WHEREAS, counsel for the Secretary has engaged in settlement with the SCS Defendants and their counsel;

WHEREAS, the parties have agreed to resolve all claims asserted in the Complaint against the SCS Defendants for the equitable relief set forth below;

WHEREAS, the SCS Defendants understand and agree that entry of this Consent Judgment is without prejudice to the Secretary's right to investigate and redress violations of

---

[1] The Super City Sports, Inc. 401(k) Profit Sharing Plan ("the Plan") was joined as a defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief could be granted.

ERISA, if any, not alleged in the Complaint, including the Secretary's right to institute future enforcement actions with respect to any other such matter. It is further understood that this paragraph shall not constitute a waiver by the SCS Defendants of any defenses, legal or equitable, to any such future action.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.  This Court has jurisdiction over this action and Defendants, and Defendants are located within this District.

2.  The SCS Defendants, jointly and severally, shall restore $26,555.89 in plan assets and pre-judgment interest to the Plan as restitution.

3.  A copy of this Consent Judgment shall be filed with the Plan records.

4.  The Plan shall redistribute the restitution to the Plan participants in amounts necessary to restore their losses incurred as a result of the fiduciary breaches alleged in the Complaint. No part of the restitution amount shall be redistributed to any individual account balance of Mr. Sujansky.

5.  Upon receiving proof of payment of restitution, the Secretary shall assess a penalty against the SCS Defendants of $5,311.18, which represents 20 percent of the applicable recovery amount, pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l). The SCS Defendants shall pay any applicable penalty within ten (10) days of receipt of the notice of assessment.

6.  Mr. Sujansky is removed as Trustee of the Plan. Pioneer and SCS are removed as Plan Administrators of the Plan.

7.  Metro Benefits, Inc. is appointed as the independent fiduciary of the Plan with plenary authority over Plan administration, management and disposition of the Plan's assets, including termination of the Plan. Metro Benefits shall be compensated for the performance of its duties and costs incurred in the amount of $1,650.00. That amount shall be paid directly to

Metro Benefits by the SCS Defendants, jointly and severally, within ten (10) days of the entry of this Order by the Court.

8. The Defendants, their agents, representatives, servants and employees and all persons acting by or under his authority shall cooperate with the independent fiduciary in the performance of its duties. The Defendants shall provide their full cooperation to the independent fiduciary relative to any need for participant or financial data that may exist with regard to any record of the Plan.

9. The SCS Defendants are forever enjoined from serving as trustees, fiduciaries, advisors, or administrators to any employee benefit plan, as that term is defined at Section 3(3) of ERISA, 29 U.S.C. §1002(3). The SCS Defendants are enjoined from serving in any capacity that involves decision-making authority or custody or control of the moneys, funds, assets, or property of any employee benefit plan.

10. The Secretary and the Defendants shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

11. This Consent Judgment shall operate as a final disposition of all claims asserted by the Secretary against the SCS Defendants.

12. Nothing in this Consent Judgment is binding on any governmental agency other than the United States Department of Labor.

13. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

3

14. The Court directs the entry of this Consent Judgment as a final order.

Date: June 8, 2011

_____
Kim R. Gibson
United States District Judge

Waiving any answers, Defendants James V. Sujansky, Pioneer Inc. d/b/a Super City Sports, and Super City Sports, Inc. consent to entry of this Consent Judgment:

_____
James V. Sujansky

Date: June 2, 2011

PIONEER, INC. D/B/A SUPER CITY SPORTS

By: _____
James V. Sujansky
General Manager

Date: June 2, 2011

SUPER CITY SPORTS, INC.

By: _____
James V. Sujansky
General Manager

Date: June 2, 2011

SUPER CITY SPORTS, INC. 401(K) PROFIT SHARING PLAN

By: _____
James V. Sujansky
Trustee

Date: June 2, 2011

M. Patricia Smith
Solicitor of Labor

Catherine Oliver Murphy
Regional Solicitor

Joan M. Roller
Regional Counsel

/s/ Jennifer K. Welsh
Jennifer K. Welsh
Attorney

Office of the Regional Solicitor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106
(215) 861-5153
(215) 861-5162 (fax)

U.S. DEPARTMENT OF LABOR

David J. Hickton
UNITED STATES ATTORNEY

BY:/s/ Albert W. Schollaert
Albert W. Schollaert
Assistant United States Attorney
U.S. Courthouse and Post Office
Suite 4000
7th & Grant Streets
Pittsburgh, PA 15219-1955

4